# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 50317 | **DATE** | 3/15/2013 |
| **CASE TITLE** | Deutsche Bank National Trust Co. v. Stafiej, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for summary judgment [56] is granted. Plaintiff's motion to appoint special commissioner [59] is granted.

■[ For further details see text below.]

Docketing to mail notices.

---

Plaintiff, Deutsche Bank National Trust Company, seeks to foreclose on property owned by defendants, Mary Stafiej and Paul Stafiej, for failure to pay on the note executed by defendants to purchase their home. Defendants admit that they have not paid on their note since July 2010 but argue that plaintiff does not hold the note and thus cannot foreclose on the property. Currently before the court is plaintiff's motion for summary judgment seeking both judgment and an order of foreclosure, and plaintiff's motion to appoint a special commissioner. For the reasons which follow, both motions are granted.

## I. BACKGROUND

The parties agree that the following facts are true. In December 2005, defendants executed a note in favor of Accredited Home Lenders, Inc. in return for a loan of $236,000. That loan was secured by a mortgage on defendants' property in McHenry County, Illinois. In July 2010, defendants failed to pay as required by the note. Since that time, defendants have not paid on the note.

In December 2010, plaintiff filed the instant action for foreclosure. Plaintiff is a trust company formed and administered by way of a Pooling and Services Agreement ("PSA") which, by its own terms, is to be interpreted under New York law. Plaintiff claims to be the holder of defendants' note because it has possession of the note with a blank endorsement. Plaintiff attached a copy of the note, along with the blank endorsement from Accredited Home Lenders, Inc., to the complaint. The PSA, a couple hundred page document, includes a procedure for assigning new notes to plaintiff. The contours of that procedure is disputed, but for the purpose of this order it is sufficient to note that a procedure exists.

After initially permitting the case to go to default judgment, defendants successfully petitioned this court to reopen the default and answered the complaint. In their answer, defendants argue that their note was not assigned to plaintiff pursuant to the terms of the PSA. Following the denial of defendants' motion to dismiss, plaintiff filed the instant motion for summary judgment. Plaintiff argues that, under Illinois law, the holder of a blank endorsed instrument may enforce it, and since defendants admit they have not paid on their note, plaintiff may seek foreclosure. Defendants object to the award of summary judgment, arguing that the assignment of the note was improper under the PSA and therefore plaintiff lacks standing to enforce the note. Plaintiff counters,

10 C 50317 Deutsche Bank National Trust Co. v. Stafiej, et al.

Page 1 of 3

arguing that defendants are not parties to the PSA and thus are unable to enforce its terms, and that, nevertheless, the assignment comports with the terms of the PSA.

## II. ANALYSIS

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Hemsworth v. Quotesmith.Com, Inc., 476 F.3d 487, 489-90 (7th Cir. 2007). In evaluating such a motion, the court's role is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. Hemsworth, 476 F.3d at 490.

Typically, the fact that plaintiff has possession of defendants' note with a blank endorsement would be sufficient under Illinois law to permit plaintiff to enforce the note and related mortgage. See 810 ILCS 5/3–205(b) ("If an indorsement is made by the holder of an instrument and it is not a special indorsement, it is a blank indorsement. When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." (quotation marks omitted)). In this case, however, defendants argue that plaintiff was required to follow the assignment procedures set out in the PSA before their note could be assigned to plaintiff, and failure to do so invalidates the assignment notwithstanding the typical rule for blank endorsements. Plaintiff argues, in return, that defendants do not have standing to enforce the terms of the PSA and that, regardless, the assignment was valid under the PSA.

Defendants acknowledge that "a third party [to an assignment] generally lacks standing to challenge the validity of [the] assignment." Bank of Am. Nat'l Ass'n v. Bassman FBT, L.L.C., 2012 IL App (2d) 110729, ¶ 15. Nevertheless, defendants assert that they fit within an exception to that doctrine, namely that "a borrower may raise a defense to an assignment that would render it absolutely invalid, that is, void." Id. at ¶ 16 (quotation marks omitted). Defendants base their assertion that they qualify for this exception on a New York law, which states that "[i]f the trust is expressed in the instrument creating the estate of the trustee, every sale, conveyance or other act of the trustee in contravention of the trust, except as authorized by this article and by any other provision of law, is void." N.Y. Est. Powers & Trusts Law § 7-2.4. According to defendants, because the assignment did not follow the terms of the trust, the transfer was void under section 7-2.4. The court finds defendants' argument lacking in merit for two reasons.

First, defendants rely extensively on Bassman, but misrepresent the holding in that case. There, the plaintiff was established by a PSA which outlined certain assignment procedures allegedly not followed when the plaintiff was provided a note through a blank endorsement. Bassman, 2012 IL App (2d) 110729, at ¶ 14. The defendants in Bassman attempted to avoid foreclosure, like the defendants here, by arguing that the assignment was invalid based on the PSA's assignment provisions and section 7-2.4. Id. Defendants in this case state that

> Most importantly on this issue as to whether the Defendants herein [Stafiej] have standing to challenge the lack of compliance with the PSA, the Bassman court concluded that the defense raised by the Bassmans, that the transaction was void [under the applicable New York statute] is a defense that the defendants would be permitted to use.

(Def. Br. 8 (alterations in original).) That is not the holding of Bassman. Instead, after an exhaustive review of New York cases on the subject, the court held that

> Hence, numerous cases, including several that specifically reference section 7–2.4, indicate that under various circumstances a trustee's ultra vires acts are not void. We recognize that there is a tension between these cases and the apparently plain language of section 7–2.4; however, such matters are for New York courts to reconcile—not this one. That this line of cases exists (particularly the cases recognizing the possibility of ratification, since a void act cannot be ratified) is enough for us to conclude that such acts are merely voidable. As noted earlier, defendants can prevail only if they can show that the assignment of the mortgages is void. Since

defendants' argument concerns voidability rather than voidness, this argument is one that defendants lack standing to make.

*Bassman*, 2012 IL App (2d) 110729, at ¶ 21(citations omitted). Despite clearly being aware of *Bassman*—aware enough at least to cite the case for the language defendants hoped would support their cause while simultaneously misrepresenting the case's holding—defendants have not provided this court with any rebuttal to its comprehensive and careful review of the exact same argument from defendants in a factually indistinguishable situation. After reviewing the pertinent New York authority on section 7-2.4, this court agrees with the analysis in *Bassman* and holds that section 7-2.4 only makes an act by the trustee in contravention to the trust instrument voidable, not void. Indeed, courts from New York, both state and federal, dealing with similar factual scenarios have found that borrowers and other non-parties lack standing to challenge trustee actions under a PSA. See *Cimmering v. Merrill Lynch Mortg. Investors, Inc.*, No. 8727/2011, 2012 WL 2332358, at *11 (N.Y. Sup. Ct. June 13, 2012) ("Moreover, plaintiffs lack standing to allege a claim for breach of the PSA because they are not parties to this contract, nor do they allege that they are third-party beneficiaries to the agreement."); *Karamath v. U.S. Bank, N.A.*, No. 11 CV 1557 (NGG)(RML), 2012 WL 4327613, at *7 (E.D.N.Y. Aug. 29, 2012) ("Since, according to plaintiff, the transfer is void under New York's Estates Powers and Trusts Law (the 'EPTL') and the Bear Stearns Asset Backed Securities I Trust 2006–IMI Pooling and Servicing Agreement (the 'PSA' . . . ), the assignment must be set aside. . . . At any rate, as U.S. Bank points out, plaintiff is not a party to the PSA or to the Assignment of Mortgage, and is not a third-party beneficiary of either, and therefore has no standing to challenge the validity of that agreement or the assignment.") report and recommendation adopted by 2012 WL 4327502 (E.D.N.Y. Sept. 20, 2012). Accordingly, defendants have not carried the burden to show that they fit within the exception to the general rule that a third party to an assignment lacks standing to challenge the validity of the assignment. See *Bassman*, 2012 IL App (2d) 110729, at ¶ 15.

Second, even assuming defendants' reading of the PSA is correct and that they have standing to raise the challenge concerning the validity of the assignment, this court would still not find that assignment void. Section 7-2.4 only purports to void an act "of the trustee" that violates the terms of the trust. The assignment, which was not accompanied by proof that it followed the correct chain of assignment to get to the trust, was not filled out by the trustee; it was signed by an agent of Accredited Home Lenders, Inc., the original lender, with a blank endorsement. Because defendants have not pointed to an act "of the trustee" in contravention of the PSA's terms, this court would find their attempt to void the assignment unpersuasive.

Accordingly, because plaintiff has provided proof that it is the holder of the note and related mortgage, that defendants have defaulted on the note, and unrebutted proof as to the outstanding value of the note—$260,801.29 with unpaid interest accruing at the rate of $24.16 per day plus attorney's fees of $1,782.00—the court grants plaintiff's motion for summary judgment and will enter an order for foreclosure. Plaintiff's related motion, unrebutted by defendants, to appoint The Judicial Sales Corporation as special commissioner is granted.

### III. CONCLUSION

Defendants lack standing to challenge the validity of the assignment of the note to plaintiff. Because defendants otherwise admit being delinquent under the note, plaintiff's motion for summary judgment and an order of foreclosure is granted. Plaintiff's related motion for an order appointing a special commissioner is likewise granted.